IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

GERALD KEENER,                          )
                                        )
                Petitioner              )    1:24-CV-00282-RAL
                                        )
        vs.                             )    RICHARD A. LANZILLO
                                        )    Chief United States Magistrate Judge
PENNSYLVANIA BOARD OF                   )
PROBATION AND PAROLE,                   )    MEMORANDUM OPINION ON
                                        )    PETITION FOR WRIT OF HABEAS
                Respondent              )    CORPUS
                                        )
                                        )    ECF NO. 5
                                        )

Petitioner Gerald Keener's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") is pending before the Court. ECF No. 5. For the following reasons, the Petition will be DISMISSED as moot.

I.    BACKGROUND

The Petition challenges a decision of the Commonwealth of Pennsylvania Board of Probation and Parole (the "Board") denying Petitioner's release on parole. Petitioner claims that this denial of parole violated his Fourteenth Amendment due process rights. In its response to the Petition, the Board confirmed that Petitioner was denied parole on April 15, and September 23, 2024, and it also contested the merits of Petitioner's constitutional claim. *See* ECF No. 8. The Board also noted that Petitioner was scheduled to be reviewed again for parole in or after September 2025. *Id.*

1

On April 23, 2026, the Board filed a status report stating that Petitioner had been interviewed for parole on September 19, 2025, and granted parole and released to an approved home plan on November 11, 2025.  *See* ECF No. 13.

III.   Discussion

Federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the United States Constitution. *See Spencer v. Kemma*, 523 U.S. 1, 7 (1998); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit."  *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiffs personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."  *Blanciak v. Allegheny Ludlum Corp.*, 77 F. 3d 690, 698-99 (3d Cir. 1996).

In many habeas cases, the crucial issue with respect to mootness is whether "some concrete and continuing injury other than the now-ended incarceration or parole" might still be amenable to remedy.  *Spencer*, 523 U.S. at 7.  In other words, there still may be a case or controversy before the court – even if the injury that a complaining party seeks to remedy through litigation no longer exists – if there is a "collateral injury" that is "likely to be redressed by a favorable judicial decision."  *Id.* (quoting *Lewis*, 494 U.S. at 477-78; *Burkey*, 556 F.3d at 147.  This is not the case,

however, in the context of a parole denial. Rather, because the only relief that a court can grant in such circumstances is a new parole hearing, a subsequent hearing held by the Parole Board renders an inmate's challenge to the prior parole decision moot. *See, e.g., Henderson v. Brookes*, 2017 WL 6497358, at *2 (M.D. Pa. Dec. 19, 2017) ("Given that the Board issued a decision on June 19, 2017 granting Henderson the relief sought in his petition, Henderson's petition challenging the Board's [prior] denials has been rendered moot."); *Alex v. Gavin*, 2015 WL 8012825, at *3 (M.D. Pa. Dec. 7, 2015) ("As noted, the only relief we can grant would be a new parole hearing and since Alex admits he received a new hearing . . . since the filing of his habeas petition, his challenge to the denials of parole before the March 2015 decision is now moot."); *Coles v. Folino*, 2014 WL 5685547(W.D. Pa. Nov. 14, 2014) ("Because the appropriate remedy in this case would be a new hearing before the Board, and because Petitioner has had a new hearing since the time he filed this petition, any claims challenging the denial of parole prior to [the most recent hearing] are moot.").

The only relief Petitioner seeks in his Petition is his immediate parole. *See* ECF No. 5, *generally*. Because Petitioner has been released on parole, he has received the only relief he requested, and the only relief the Court could have granted was a new parole hearing. His Petition is therefore moot and must be dismissed based on the absence of any justiciable case or controversy. *See Razzoli v. FCI Allenwood*, 200 Fed. Appx 166, 169 (3d Cir. 2006) (per curiam) (affirming dismissal of habeas petition as moot where petitioner challenged delay in parole and was subsequently released

3

on parole); *Mathews v. Hendricks*, 2005 WL 1115967, at \*2 (D.N.J. May 6, 2005) (same).

IV.   Conclusion

For the reasons explained above, Petitioner's Petition for Writ of Habeas Corpus will be DISMISSED as moot.

Further, the Court will not issue a certificate of appealability, as the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Slack v. McDaniel*, 529 U.S. 473,484 (2000).

DATED this 24th day of April, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES
MAGISTRATE JUDGE

4